UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WESTERN HERITAGE INSURANCE
COMPANY,

        Plaintiff,

    v.

DANIEL E. ANDERSON,

        Defendant.

Case No. 08-cv-104-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on several matters.

**I.    Jurisdiction**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 4) filed by plaintiff Western Heritage Insurance Company ("Western Heritage"):

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business and the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). Western Heritage alleges the state of its incorporation but not the state of its principal place of business.

2. **Failure to allege the citizenship of an individual.** A complaint asserting diversity jurisdiction must allege the citizenship of an individual defendant, not merely residence. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000. Western Heritage alleges defendant Daniel E. Anderson's residence but not his citizenship.

The Court hereby **ORDERS** that the plaintiff shall have up to and including March 7, 2008, to amend the faulty pleading to correct the jurisdictional defect. Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order. The plaintiff is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**II.     Corporate Disclosure Statement**

After reviewing Western Heritage's complaint, the Court notes that the plaintiff has violated Federal Rule of Civil Procedure 7.1, which requires a non-governmental corporate party to submit a corporate disclosure statement at the time of its first appearance, pleading, petition, motion, response or other request addressed to the Court. The Court hereby **ORDERS** Western Heritage to file on or before March 7, 2008, the appropriate corporate disclosure statement. Failure to comply with this order may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.

**IT IS SO ORDERED.**
**DATED:  February 20, 2008**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**